UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| RICHARD GREGORY ZAHN, | CIVIL ACTION NO. 2:19-cv-03553-DCN |
| Plaintiff, | |
| v. | **COMPLAINT** |
| WILLIAM BARR, in his official capacity As Attorney General of the United States and REGINA LOMBARDO, in her official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives, | |
| Defendants. | |

COMES NOW, the Plaintiff, Richard Gregory Zahn, complaining of the Defendants would show the following:

## BACKGROUND

1. Plaintiff is a citizen and resident of the State of Florida.

2. Defendant William Barr is the Attorney General of the United States and is named herein in his official capacity only.

3. Defendant Regina Lombardo is the Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives and is named herein in her official capacity only.

4. The Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C Section 1331 as this matter requests a declaratory judgment pursuant to 28 U.S.C. Section 2201 interpreting the Second Amendment of the United States Constitution and a federal statute. 18 U.S.C. Sections 921 and 922.

5. Venue is proper in the District of South Carolina because most of the matters complained of occurred in this District and in the Charleston Division.

6. On or about February 3, 2014, the United States Attorney for the District of South Carolina filed an Information in which the Plaintiff was charged with participating in a conspiracy to violation Title 18, United States Code, Sections 1343, 1346, 666, 1951 and 371.

7. The Plaintiff pleaded guilty to one count of violating Title 18, United States Code, Sections 1343, 1346, 666, 1951 and 371 and on or about November 23, 2015 the Plaintiff was sentenced to probation for a term of three (3) years.

8. The Plaintiff completed his sentence without incident.

## FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs above as if fully set forth verbatim herein.

10. Under 18 U.S.C. Section 922(d)(1) it is unlawful to transfer possession of a firearm to anyone convicted of a crime punishable by a term of imprisonment exceeding one year.

11. Similarly, under 18 U.S.C. Section 922 (g)(1) possession of a firearm is unlawful for anyone who has been convicted or pleaded guilty to a crime punishable by a term of imprisonment exceeding one year.

12. However, the category of crimes that trigger the prohibition in Section 922 is statutorily defined to exclude "offenses pertaining to antitrust violations, unfair trade practices, restraints of trade or other similar offenses related to the regulation of business practices."  18 U.S.C. Section 921(a)(20)(A).

13. The crimes to which Plaintiff pleaded guilty are similar to those offenses specifically

      described in Section 921 (a)(20)(A) and are therefore exempt from the prohibition set forth in Section 922.

14. That Plaintiff therefore requests a declaration pursuant to 28 U.S.C Section 2201 the prohibitions in Section 922 regarding the purchase and possession of firearms do not apply to him because of the statutory exception contained in Section 921(a)(20(A).

15. As a result all parties have an interest affected by the declaration sought herein.

WHEREFORE, Plaintiff requests Judgment against Defendant as set forth herein as well as any additional, different, and/or further relief as this Court deems just and proper.

        s/John A. Massalon
        John A. Massalon (Federal Bar #05227)
        WILLS MASSALON & ALLEN LLC
        Post Office Box 859
        Charleston, South Carolina   29402
        (843) 727-1144
        jmassalon@wmalawfirm.net

        and

        Andrew Savage, III
        THE SAVAGE LAW FIRM
        15 Prioleau Street
        Charleston, South Carolina   29402
        (843) 720-7470
        andy@savlaw.com

        ATTORNEYS FOR PLAINTIFF

CHARLESTON, SC

December 20, 2019