IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RICHARD GREGORY ZAHN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:19-cv-3553-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WILLIAM BARR, in his official capacity as | ) | |
| Attorney General of the United States, and | ) | |
| REGINA LOMBARDO, in her official | ) | |
| capacity as Acting Director of the Bureau of | ) | |
| Alcohol, Tobacco, Firearms and Explosives, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

      This matter is before the court on defendants William Barr and Regina Lombardo's (collectively, "defendants") motion to dismiss, ECF No. 8. For the reasons discussed below, the court grants the motion and dismisses the matter.

## I.  BACKGROUND

      On February 8, 2013, plaintiff Richard Gregory Zahn ("Zahn") pleaded guilty to conspiracy to commit offense or to defraud the United States in violation of 18 U.S.C. § 317, with the objects of the conspiracy being violations of: (1) 18 U.S.C. § 1951, interference with commerce by threats or violence; (2) 18 U.S.C. § 1343, fraud by wire, radio, or television; (3) 18 U.S.C. § 666, theft or bribery concerning programs receiving federal funds; and (4) 18 U.S.C. § 1346, participation in a scheme or artifice to deprive another of the intangible right of honest service. On November 23, 2015, this court sentenced Zahn to a probation term of three years.

      On December 20, 2019, Zahn filed this action against defendants in this court, seeking a declaratory judgment. Zahn's sole claim asks the court for a declaration that

1

"the prohibitions in Section 922 regarding the purchase and possession of firearms do not apply to him because of the statutory exception contained in Section 921(a)(20[)](A)." ECF No. 1, Compl. ¶ 14.  In other words, Zahn asks the court for a declaration that 18 U.S.C. §§ 922(g)(1) and (d)(1) do not prohibit him from possessing a firearm because his conviction fits within the exception contained in 18 U.S.C. § 921(a)(20)(A).  On March 13, 2020 defendants filed a motion to dismiss for want of subject matter jurisdiction and failure to state a claim.  ECF No. 8.  On May 18, 2020, Zahn responded to the motion.  ECF No. 12.  Defendants did not file a reply, and the time to do so has now expired.

## II.   DISCUSSION

Article III of the Constitution established the judicial branch as a means to peacefully resolve "Cases" and "Controversies", simultaneously endowing the judiciary with the authority to resolve disputes and limiting the exercise of that power to the nebulous concept of "cases and controversies."  U.S. Const. Art. III, § 2.  Resolving to encompass the entire concept of federal jurisdiction with two words, the authors of Article III left the Supreme Court to determine the types of disputes which "are of the justiciable sort," Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992), i.e., "appropriately resolved through the judicial process," Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). The Supreme Court has defined the contours of the cases-and-controversies requirement through several "justiciability doctrines."  Such doctrines ensure that federal courts hear only true "cases and controversies" by precluding consideration of those matters that are not ripe, see, e.g., Abbott Labs. v. Gardner, 387 U.S. 136 (1967), are moot, see, e.g., Already, LLC v. Nike, Inc., 568 U.S. 85 (2013), ask political questions, see, e.g., Nixon v. United States, 506 U.S. 224 (1993), or seek advisory opinions, see, e.g., Golden v.

Zwickler, 394 U.S. 103 (1969).  Additionally, a justiciable dispute must be brought by a party with standing, which the Supreme Court has deemed "an essential and unchanging part of the case-or-controversy requirement . . . ."  Lujan, 504 U.S. at 560.  The concepts of justiciability are fluid and inform the constitutional "cases and controversies" definition by providing examples of the types of disputes that are not justiciable.  As such, disputes often run afoul of more than just one of their mandates.  Such is the case here.

The Declaratory Judgment Act permits a court to "declare the rights and other legal relations of" interested parties "in a case of actual controversy."  28 U.S.C. § 2201.  A court may not entertain a declaratory judgment claim in the absence of an underlying case or controversy.  See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239–40 (1937) ("The Declaratory Judgment Act of 1934, in its limitation to 'cases of actual controversy' . . . is operative only in respect to controversies which are such in the constitutional sense.").  As such, an action for declaratory judgment does not escape the constitutional mandates that its proponent have standing and that it not seek an advisory opinion.  See Trustgard Ins. Co. v. Collins, 942 F.3d 195, 199 (4th Cir. 2019) (finding that the court must address issues of Article III justiciability before considering the merits of a declaratory judgment action).  In his complaint, Zahn asks this court to declare the criminality of a hypothetical future act.  Zahn does not present the court with a justiciable case or controversy because he lacks standing and asks the court to issue an advisory opinion.  As such, the court lacks subject matter jurisdiction over Zahn's request and must dismiss the matter.

**A. Standing**

"[T]he irreducible constitutional minimum of standing contains three elements." Lujan, 504 U.S. at 560. First, a plaintiff must establish an "injury-in-fact", which is a "concrete and particularized . . . invasion of a legally protected interest." Id. Second, "there must be a causal connection between the injury and the conduct complained of, meaning that the injury must be "fairly . . . trace[able] to the challenged action of the defendant." Id. Third, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. Generally, a claim of future injury is insufficient to establish an injury-in-fact. See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 416 (2013) (finding that declaratory-judgment plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending"). However, the Supreme Court has carved out an exception to this generality where a plaintiff seeks to challenge the constitutionality of a criminal statute. See Babbitt v. United Farm Workers Nat. Union, 442 U.S. 289, 298 (1979) ("When contesting the constitutionality of a criminal statute, it is not necessary that the plaintiff first expose himself to actual arrest or prosecution to be entitled to challenge the statute that he claims deters the exercise of his constitutional rights.") (internal quotation marks omitted).

Zahn seizes on Babbit and its progeny to support his contention that the threat of future prosecution, should he resolve to purchase a firearm, is a sufficient injury-in-fact to confer standing for his declaratory judgment action. In Babbit, plaintiffs were farmworkers who challenged the constitutionality of the Arizona Agricultural Employment Relations Act. Determining that the plaintiffs' claim satisfied Article III,

the court found that the plaintiffs' fear of imminent prosecution was a sufficiently tangible injury-in-fact to confer the plaintiffs with standing to challenge the constitutionality of the statute. Babbitt, 442 U.S. at 298 ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement. (emphasis added)). The fact that plaintiffs' claim challenged the constitutionality of the statute was central to the court's finding that the plaintiffs had standing. See id. at 302 ("[W]hen fear of criminal prosecution under an allegedly unconstitutional statute is not imaginary or wholly speculative, a plaintiff need not first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute." (emphasis added)). Zahn also relies heavily on a direct descendent of Babbit, a recent Fourth Circuit decision, Kenny v. Wilson, in which the court determined that public school students had standing to challenge South Carolina's "Disorderly Conduct" and "Disturbing Schools" laws. 885 F.3d 280 (4th Cir. 2018).

The problem with Zahn's argument is that the doctrine espoused in Babbit and Kenny is inapplicable to his claim because Zahn is not challenging the constitutionally of a statute. Instead, Zahn merely asks the court to advise him on whether his hypothetical conduct would fall within the prohibitions of § 922 or its exception, § 921(a)(20)(A). ECF No. 1, Compl. ¶ 14 (". . . Plaintiff therefore requests a declaration pursuant to 28 U.S.C Section 2201 [that] the prohibitions in Section 922 regarding the purchase and possession of firearms do not apply to him because of the statutory exception contained in Section 921(a)(20[)](A).").[1] The Supreme Court in Babbit provided a pathway for

---

[1] In his opposition brief, Zahn notes that he need not "expose himself to actual arrest or prosecution to be entitled to challenge a statute that . . . deters the exercise of his constitutional rights." ECF No. 12 at 3 (citing Steffel v. Thompson, 415 U.S. 452, 459

5

plaintiffs to challenge the constitutionality of a law without exposing themselves to criminal liability by violating that law. Babbit does not provide a means by which a plaintiff might establish standing to seek a declaration that an otherwise unchallenged law does not apply to his or her future actions. The Babbit plaintiffs asked the court to declare unconstitutional a statute that would inflict imminent harm; Zahn asks this court to declare how an unchallenged statute would be applied to him.

Like Kenny and Babbit, each of the other cases Zahn cites found that a plaintiff had standing for the express purpose of challenging a statute's constitutionality. See City of Chicago v. Morales, 527 U.S. 41 (1999) (challenging the constitutionality of a city "gang loitering" ordinance); Steffel v. Thompson, 415 U.S. 452 (1974) (challenging a Georgia trespass law under the First and Fourteenth Amendments); Knife Rights, Inc. v. Vance, 802 F.3d 377 (2d Cir. 2015) (challenging state law that criminalized possession of "gravity knives" as unconstitutionally vague). These cases do not stand for the proposition that a plaintiff can establish standing to inquire into the potential application of a statute and determine the criminality of hypothetical future conduct.[2] Zahn has not pointed the court to any law that states that a plaintiff has standing to seek a declaration on the applicability of a statute by virtue of the hypothetical harm of future prosecution. Indeed, the court's research reveals that no such doctrine exists, and the absence of such

---

(1974)). This statement of law is emblematic of the flaw of Zahn's standing argument. Zahn is correct that he does not need to violate a statute in order to challenge that statute's constitutionality. But that law does not apply here because Zahn does not challenge § 922(g)(1) or § 921(a)(20)(A) on any grounds, constitutional or otherwise.

[2] Further, the fact that application of § 922 implicates Zahn's rights under Second Amendment is insufficient to confer standing. See United Pub. Workers of Am. (C.I.O.) v. Mitchell, 330 U.S. 75, 89 (1947) (finding that "general threat of possible interference with [plaintiffs' constitutional] rights . . . does not make a justiciable case or controversy").

law makes good sense because it would authorize courts to issue advisory opinions. Because Zahn has not pleaded any facts that confer standing to bring the declaration he seeks, the court finds that Zahn has not presented a justiciable case. See Kravitz v. United States Dep't of Commerce, 336 F. Supp. 3d 545, 556 (D. Md. 2018) ("The plaintiff bears the burden of supporting each of the required elements of standing in the same way as any other matter on which the plaintiff bears the burden of proof.").

### B. Advisory Opinion

Relatedly, because Zahn's declaratory judgment claim is untethered to an actual case or controversy, he asks this court to render an advisory opinion. Courts have long grappled with the distinction between a valid declaratory judgment claim and request for an advisory opinion that fails to present a case or controversy. The Supreme Court has said that its own jurisprudence "do[es] not draw the brightest of lines between those declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). "To qualify [as a dispute that presents a case or controversy under Article III], it must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc., 495 F. App'x 383, 388 (4th Cir. 2012) (unpublished opinion) (quoting Aetna, 300 U.S. at 239–40) (internal quotation marks omitted). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of

sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, 549 U.S. at 127.

This case presents a clear example of a request for an opinion "advising what the law would be upon a hypothetical state of facts." As discussed above, Zahn's claim asks this court to declare that an unchallenged criminal statute does not apply to some hypothetical future conduct. Surely, this is not the type of actual case or controversy the authors of Article III empowered federal courts to resolve. As one district court has noted:

> If the United States Code, perched on a law library shelf, qualified as an injury in fact, courts would not waste time—as they currently do—distinguishing between credible threats of imminent prosecution and potential (yet hypothetical) applications of a given statute. Instead, Article III requirements would be reduced to the formality of mouthing the right words, converting federal courts into college debating forums and federal judges into honorary moderators.

Kegler v. U.S. Dep't of Justice, 436 F. Supp. 2d 1204, 1219 (D. Wyo. 2006) (internal citations omitted). Article III does not open the doors of the federal courthouse to plaintiffs who seek answers to as yet inconsequential legal questions. Because Zahn has not presented the court with a justiciable case or controversy, the court lacks the constitutional authority to consider his request and dismisses the action without reaching its merits.

### III.  CONCLUSION

For the foregoing reasons the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**June 23, 2020**
**Charleston, South Carolina**